<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 23-3585

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Aug 6, 2024

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| ARGO WEALTH MANAGEMENT, INC., et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| JOHN BREMNER, et al., | ) | OHIO |
| | ) | |
| Defendants-Appellees. | ) | |

O R D E R

Before:  NORRIS, SUHRHEINRICH, and READLER, Circuit Judges.

Plaintiffs Argo Wealth Management, Inc. (Argo), Aurora Hill, Ltd., and Dan Miller appeal the district court's judgment dismissing their complaint.  The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a). We affirm the district court's judgment for the following reasons.

A. Factual and Procedural Background

Miller, an Ohio citizen, and Argo, an Ohio corporation, were the general partners of an Ohio limited partnership, Aurora Hill.  Aurora Hill was a speculative commodity futures investment fund.  In January 2019, defendant William Reavis, an investment advisor and Illinois citizen, persuaded one of his clients, defendant John Bremner, also an Illinois citizen, to invest $200,000 with Aurora Hill.  On February 1, 2019, Aurora Hill accepted Bremner's partnership application.  The partnership agreement required Aurora Hill to put Bremner's money into the fund the same day.  But Aurora Hill voluntarily delayed committing Bremner's money until March 1 because the fund sustained significant losses during February.

The fund continued to lose money in the months that followed.  In June 2019, Bremner notified Aurora Hill that he intended to redeem his interest in the fund as of September 1, 2019.  In August 2019, Reavis sent Bremner an email in which he accused Miller of mismanaging the fund.  Aurora Hill redeemed Bremner's shares on September 1 at a significant loss.

In August 2020, Bremner, with the assistance of defendant Thomas Burke, an Illinois attorney, filed and prosecuted a fraud and malfeasance complaint against Miller, Argo, and Aurora Hill with National Futures Association (NFA).  In March 2021, the NFA dismissed the complaint after Miller voluntarily withdrew his NFA membership and agreed to pay a fine.  Miller spent $40,000 defending the NFA action, however.  As a result, he defaulted on his office lease and two lines of credit.

In May 2020, Argo, Aurora Hill, and Miller filed a complaint for defamation and tortious inference with business relations against Reavis in the Summit County Court of Common Pleas.  The state court concluded that Reavis was not subject to personal jurisdiction in Ohio and dismissed the complaint.

In December 2021, Argo, Aurora Hill, and Miller filed a complaint under 28 U.S.C. § 1332 for malicious prosecution and conspiracy against Bremner, Burke, and Reavis (the defendants) in the district court.  In March 2022, the district court ordered the plaintiffs to show cause why it should not dismiss the action for failure to effect timely service of the summons and complaint.  The plaintiffs did not respond to the show-cause order.  Accordingly, in April 2022, the district court dismissed the complaint without prejudice for want of prosecution.

In June 2022, the plaintiffs refiled their complaint against the defendants in the district court.  In addition to their original malicious-prosecution and conspiracy claims, the plaintiffs sued Reavis for defamation per se and per quod and tortious interference and Bremner for breach of the partnership agreement.  The malicious-prosecution claim was based on Bremner's allegedly baseless NFA complaint.  The conspiracy claim asserted that the defendants filed the NFA complaint to retaliate against Miller because Miller denied Reavis's and Bremner's request to open a branch office of Aurora Hill in Illinois.  The defamation claims concerned Reavis's August 2019

email to Bremner, and the tortious-interference claim alleged that Reavis induced Bremner into terminating his partnership agreement.  Finally, the complaint alleged that Bremner breached the partnership agreement by acceding to Aurora Hill's deferral of his investment until March 2019.

On the defendant's motion, the district court dismissed the complaint.  The court ruled that the state court's determination that Reavis was not subject to personal jurisdiction in Ohio was entitled to preclusive effect and dismissed him from the case.  The court then concluded that the malicious-prosecution, conspiracy, and defamation claims were untimely under the relevant statutes of limitation and Ohio's savings statute, Ohio Revised Code § 2305.19.  Lastly, the court concluded that the complaint failed to plausibly allege that Bremner breached the partnership agreement.  Instead, the court found, the complaint showed only that Aurora Hill voluntarily chose not to enforce certain provisions of the partnership agreement against Bremner.

On appeal, the plaintiffs argue that the district court erred in giving preclusive effect to the state court's determination that Reavis was not subject to personal jurisdiction in Ohio.  Further, the plaintiffs contend that the district court misapplied the savings statute in concluding that their malicious-prosecution, conspiracy, and tortious-interference claims were untimely.  Finally, the plaintiffs argue that the district court erred by sua sponte raising an affirmative defense in concluding that they failed to state a breach-of-contract claim against Bremner.  The plaintiffs do not contest the district court's dismissal of their defamation claims.[1]

B. Analysis
1. Statute of Limitations

We start with the district court's conclusion that the plaintiffs' malicious-prosecution, conspiracy, and tortious-interference claims were untimely because it is dispositive of their argument that the district court erred in giving preclusive effect to the state court's personal-

---

[1] We ordered the parties to submit letter briefs addressing the district court's subject-matter jurisdiction under § 1332 because the complaint failed to demonstrate complete diversity of citizenship between the plaintiffs and the defendants.  The parties' letter briefs show that complete diversity existed at the time the plaintiffs filed the complaint.  *See Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006).  Accordingly, the district court had subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1).

jurisdiction ruling.    We review de novo a district court's determination that the statute of limitations bars a claim.  *See Gragg v. UPS Pension Plan*, 55 F.4th 1059, 1061 (6th Cir. 2022).

In Ohio, the statute of limitations on malicious-prosecution claims is one year.  Ohio Rev. Code § 2305.11(A).  The statute of limitations on tortious-inference claims is four years, Ohio Rev. Code § 2305.09(D), unless the claim is based on the same facts as a defamation claim, in which case the one-year defamation statute of limitations applies, *Smith v. Nat'l W. Life*, 92 N.E.3d 169, 173 (Ohio Ct. App. 2017).  In this case, the plaintiffs' tortious-interference claim was based on Reavis's allegedly defamatory email.  Consequently, the statute of limitations on that claim was one year.  Lastly, a civil conspiracy claim has the same statute of limitations as the underlying substantive claim.  *Davis v. Clark Cnty. Bd. of Comm'rs*, 994 N.E.2d 905, 909 (Ohio Ct. App. 2013).  Here, the plaintiffs' conspiracy claim was based on the allegedly baseless NFA complaint, so the one-year malicious-prosecution statute-of-limitations applied.

The NFA allegedly dismissed Bremner's NFA complaint in the plaintiffs' favor on March 17, 2021.  The malicious-prosecution and conspiracy claims accrued no later than that date and expired on March 17, 2022.  *See Froehlich v. Ohio Dep't of Mental Health*, 871 N.E.2d 1159, 1164 (Ohio 2007).  And because Reavis published the allegedly defamatory email in 2019, the statute of limitations on the plaintiffs' tortious-interference claim expired in 2020.  The plaintiffs did not file their complaint in this case until June 2022, so each of these claims was untimely.[2]

The plaintiffs assert that these claims were timely under Ohio's savings statute, Ohio Revised Code § 2305.19, because they filed their complaint within one year of the district court's dismissal of their earlier lawsuit.  The savings statute provides:

> In any action that is *commenced or attempted to be commenced*, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails *otherwise than upon the merits*, the plaintiff . . . may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the

---

[2] The plaintiffs also failed to state a tortious-interference claim because Bremner's decision to divest from the fund predated Reavis's allegedly defamatory email.  *See Kenty v. Transamerica Premium Ins.*, 650 N.E.2d 863, 866 (Ohio 1995) (holding that the plaintiff must prove that the defendant caused the third person not to perform the contract).

merits or within the period of the original applicable statute of limitations, whichever occurs later.

Ohio Rev. Code § 2305.19 (emphasis added); *see Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980) (stating that "state service requirements which are an integral part of the state statute of limitations should control in an action based on state law which is filed in federal court under diversity jurisdiction"). The district court concluded that the savings statute did not apply in this case, even though it dismissed the plaintiffs' first complaint for failure to prosecute. The court reasoned that even though its prior dismissal was without prejudice, it had the effect of a dismissal on the merits because the statute of limitations barred the claims at the time it entered its judgment. We affirm the district court's conclusion that the savings statute did not apply, albeit for a different reason. *See Susan B. Anthony List v. Driehaus*, 779 F.3d 628, 632 (6th Cir. 2015) ("[W]e may affirm the district court's judgment on any basis supported by the record." (citation omitted)).

For the savings statute to apply, the plaintiff must have "commenced" or "attempted to commence" the action within the applicable limitations period. *Coleman v. Dep't of Rehab. & Corr.*, 46 F. App'x 765, 769 (6th Cir. 2002) (per curiam); *Smith v. Wal-Mart Stores E., LP*, 150 N.E.3d 499, 504 (Ohio Ct. App. 2019). The mere filing of a complaint is not an "attempt to commence" an action. *Motorists Mut. Ins. v. Huron Rd. Hosp.*, 653 N.E.2d 235, 239-40 (Ohio 1995). Instead, the plaintiff must make a good-faith effort at serving the complaint on the defendant to "attempt to commence" an action. *Coleman*, 46 F. App'x at 769.

Here, the plaintiffs did not "attempt to commence" action against the defendants within the limitations periods. As discussed above, although the plaintiffs filed a complaint in the district court, they did not serve the defendants. Moreover, the record does not show that the plaintiffs made a good-faith effort to effect service—the district court ordered the plaintiffs to show cause why the complaint should not be dismissed for failure to effect timely service, and they did not respond. And on appeal, plaintiffs have failed to make any argument or identify evidence suggesting that they made a good-faith effort to serve the defendants before their complaint was dismissed in April 2022. *See Ruffin v. Kudley*, No. 19-3534, 2020 WL 7062665, at *3 (6th Cir. Sept. 1, 2020) (order) (holding that the savings statute was inapplicable because plaintiff

"presented no evidence that he attempted to have the complaint served on the defendants"). Accordingly, we conclude that the savings statute did not apply and that these claims were untimely.

2. Breach of Contract

Finally, the plaintiffs argue that the district court erred by sua sponte raising an affirmative defense and then dismissing their breach-of-contract claim against Bremner. But the district court did not sua sponte raise an affirmative defense. Instead, the court sua sponte concluded that the plaintiffs did not state a plausible claim because their complaint showed that Aurora Hill waived the provision at issue.

Generally, a district court may not sua sponte dismiss a fee-paid complaint unless it gives the plaintiff notice and an opportunity to amend. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam). But a court may sua sponte dismiss a complaint if the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* And here, we conclude that the plaintiffs' allegations that Bremner breached the partnership agreement are totally implausible. *See id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

To state a plausible claim, the plaintiffs had to plead facts demonstrating that Bremner breached a material term of the agreement. *Halpern v. Smith*, 219 N.E.3d 364, 372 (Ohio Ct. App.), *perm. app. denied*, 214 N.E.3d 588 (Ohio 2023) (table). The plaintiffs are correct that, under the agreement, an investor became a limited partner on the first day of the month after the receipt of his capital contribution. But the agreement also provided that "[t]he General Partner, *to the exclusion of all Limited Partners*, shall conduct and manage the business of the Partnership including, without limitation, investing the funds of the Partnership." So under the plain terms of the agreement, *see Kelly v. Med. Life Ins.*, 509 N.E.2d 411, 413 (Ohio 1987), the duty to timely invest Bremner's funds fell solely on the General Partner, i.e., Miller, and not Bremner.

And as the district court correctly found, the complaint shows that Miller, exercising his contractual powers as the General Partner, unilaterally decided not to invest Bremner's money

No. 23-3585
- 7 -

until March 1 as a "courtesy" to Bremner and not to charge him with losses that occurred during February. To the extent that there was a breach of the partnership agreement, it was by the plaintiffs and not by Bremner.

<u>Conclusion</u>

For the reasons stated, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk